**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JOANNA STANDEFORD,

            Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.

Case No. 11-CV-769-FHM

## OPINION AND ORDER

Plaintiff, Joanna Standeford, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 3, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 18, 2009. By decision dated December 18, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 11, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 35 on the date of alleged onset of disability and 38 at the time of the ALJ's denial decision. She has a high school education and formerly worked as fast food worker. She claims to have been unable to work since August 2, 2007 as a result of pain related to herniated disks in the cervical and lumbar spine.

## The ALJ's Decision

The ALJ determined that Plaintiff has the following residual functional capacity:

> perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except lift more than 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of about six hours in an eight-hour workday; sit for a total of about six hours in an eight-hour workday; push and/or pull unlimited other than as shown for lift and/or carry; no balancing; and no concentrated exposure to vibration.

[R. 21]. The ALJ found that with these limitation, Plaintiff is capable of returning to her past relevant work as a fast food worker and waitress. In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus

decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly consider Dr. Lee's opinion and failed to properly consider her credibility.

## **Analysis**

Plaintiff injured her back in a car accident in August 2005. She had back surgery in 2006 and, on May 21, 2007 had another car accident after which she complained of back pain, numbness and weakness. Plaintiff underwent physical therapy and extensive testing following the May 2007 accident. Testing revealed no abnormalities to explain Plaintiff's symptoms. In December 2007 Plaintiff underwent surgery for removal of the hardware placed in the 2006 back surgery. The record before the ALJ contained the treatment records of Dr. Gary Lee's treatment of Plaintiff from July 5, 2007 through September 2009. [R. 306-318, 340-349, 355-365, 367-385]. Dr. Lee completed form dated October 16, 2008 in which he stated that as of 9/30/07 Plaintiff could frequently lift and carry less than ten pounds, is limited to sitting less than 2 hours in an eight hour workday, and is limited to standing and walking less than 2 hours. [R. 320].

The ALJ gave Dr. Lee's opinion no significant weight for the following reasons:

> The medical opinions concerning the claimant's ability to perform work-related activities authored by Dr. Lee are given a significantly reduced weight because there [sic] are contrary to the objective medical evidence and the statement in Dr. Lee's May 6, 2009 that there was no significant lesion makes it clear that Dr. Lee's RFC is inconsistent with the objective

> medical evidence, including his own statements, and is not entitled to any significant weight.

[R. 22]. The ALJ also said: "As for the opinion evidence, the September 10, 2009 RFC completed by Dr. Lee is given minimal weight because it is inconsistent with his own medical records and the remainder of the objective medical evidence." [R. 23].

Plaintiff argues that Dr. Lee's statement that there was no significant lesion is not a legitimate reasons for rejecting Dr. Lee's opinion. Plaintiff asserts that the ALJ erred in requiring test results to confirm the existence of her pain.[2] Plaintiff points to a letter written by Dr. Lee which explains the reason for his opinion about Plaintiff's limitations. According to Dr. Lee, Plaintiff suffers from failed back syndrome where the symptom of pain does not correlate with x-rays and MRI results. [R. 391]. Plaintiff also points to objective findings related to pain: positive straight leg raising, tenderness, and muscle spasms.

Dr. Lee's explanatory letter was not before the ALJ, it was submitted to the Appeals Council as permitted by the regulations. 20 C.F.R. § 404.970(b). Although Dr. Lee's letter was not before the ALJ, the Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the Court

---

[2] Plaintiff is correct that medical test results are not necessary to confirm the existence of pain. The Commissioner's regulations acknowledge that "symptoms sometimes suggest a greater severity of impairment than can be shown by medical evidence alone[.]" 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). This is nothing new. It has been 25 years since the Tenth Circuit issued *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and since the Commissioner issued Social Security Ruling 88-13 which reiterate that the degree of pain experienced may exceed what medial testing shows and address the analysis to be undertaken in such cases.

to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

The court finds that consideration of Dr. Lee's explanation may have changed the ALJ's decision concerning the weight to give Dr. Lee's opinion. As a result, the case must be remanded for the ALJ to consider that additional evidence.

## Credibility Analysis

The court agrees with Plaintiff that the ALJ failed to properly consider her credibility. The ALJ listed the factors which bear on the credibility determination as outlined in Social Security Ruling (SSR) 96-7p, 1996 WL 374186. The ALJ also identified information in the record that relates to those factors. The ALJ did not, however, state how the information impacted Plaintiff's credibility. Several factors listed appear to support credibility, for instance, the factor "the individual's daily activities" has this information: "[t]he claimant limits her daily activities very significantly and she can perform some of the simple activities of her daily living." [R. 22]. The ALJ identified "[f]actors that precipitate and aggravate the symptoms," as follows: "[p]hysical activity exacerbates her symptoms and causes problems so that she cannot perform any physical activity on a sustained basis." [R. 23]. Concerning Plaintiff's medications, their effectiveness, and side effects, the ALJ listed exhibit numbers. *Id*. Those exhibits reflect that Plaintiff takes narcotic medications on a regular basis, including flexeril, oxycodone, and lortab. [R. 23, 333, 338, 356, 360]. In response to the factor pertaining to treatment other than medication, the ALJ noted that Plaintiff 'has received epidural injections which did not provide lasting relief." [R. 23]. For

other measures to relieve pain, the ALJ noted "[s]he performs her physical activities to the limits of her tolerance and then she rests." *Id*.

The court finds that the ALJ failed to explain why the specific evidence relevant to each factor he listed lead him to conclude that the claimant's subjective complaints were not credible. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004), *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). On remand the ALJ's credibility findings should be "closely and affirmatively linked to substantial evidence." *Hardman*, 362 F.3d at 678-79.

## Conclusion

The Commissioner's decision is REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 4th day of February, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE